UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RODNEY WM ROBINSON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-484 RM |
| | ) | |
| WALTER E. MARTIN, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

Rodney Wm Robinson, a *pro se* prisoner, was found guilty of violating state law in violation of A-100 by the Miami Correctional Facility Disciplinary Hearing Board (DHB) on December 5, 2005. He was sanctioned with the loss of 180 days earned credit time. Mr. Robinson presents three grounds to challenge the finding of guilt.

First, Mr. Robinson alleges that there is not some evidence to support finding him guilty of violating a state law because his conduct report charged him with violating 23 state laws. He admits that "Evidence was shown that he may have violated one [law]." Petition at ¶ 12.A., docket # 1. Nevertheless he contends that, "Because no evidence was shown for the other statutes and the conduct report was written to include all the statutes in the chapter, there lacked sufficient evidence to convict." Petition at ¶ 12.A., docket # 1. This argument is meritless. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). Here, he admits that some evidence was presented supporting one charge. That is sufficient. "The Federal Constitution does

not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). It was unnecessary to find him in violation of all twenty-three statutes. Mr. Robinson was charged with having violated state law, he admits that the conduct report included the state law of which he was ultimately found guilty, and he admits that there was some evidence that he violated that law. Even though Mr. Robinson also may have been charged with violating 22 other state laws, it was unnecessary that the board find him guilty of every alleged violation. One was sufficient to support the finding that he violated a state law.

Second, Mr. Robinson alleges that "A new prison rule violated the *ex post facto* clause of the federal constitution". Petition at ¶ 12.B., docket # 1. He explains that,

> There existed a rule where after a year an offender who lost good time credit from guilty findings of ANY rule could petition the Supt. for any of that time back after he remain clear for a year. Three times Robinson petition and received time. Then the rule was changed. If the loss of good time resulted from an A-100 violation, none of the time would be returned. This rule enables Robinson from receiving over a year and a half of good time credits which he lost on A-100 conduct reports.

Petition at ¶ 12.B., docket # 1.

In finding that a Parole Commission guideline was not a law subject to the *ex post facto* clause, the Seventh Circuit stated,

> The constitutional prohibition against *ex post facto* laws ("No . . . *ex post facto* Law shall be passed") is directed to the legislative branch of government rather than to the other branches. This is apparent not only from the (identical) wording and placement of the two *ex post facto* clauses (one directed against Congress, the other against state legislatures) in Article I, which deals with the legislative power, but also from history. In the words of Blackstone, a law is *ex post facto* "when after an action is committed, the

>legislator then for the first time declares it to have been a crime, and inflicts a punishment upon the person who has committed it; here it is impossible that the party could foresee that an action, innocent when it was done, should be afterwards converted to guilt by a subsequent law; he had therefore no cause to abstain from it; and all punishment for not abstaining must of consequence be cruel and unjust. "Or as Hamilton put it in Federalist No. 78, "By a limited Constitution, I understand one which contains certain specified exceptions to the legislative authority; such, for instance, as that it shall pass . . . no *ex-post-facto* laws." If judges get tougher on crime by meting out stiffer sentences or resolving more close procedural questions against criminal defendants, or prosecutors drive harder plea bargains, or the Parole Commission takes a more jaundiced view of applications for parole, the *ex post facto* prohibition is not violated, even though a criminal's punishment may end up being longer or harsher than he hoped when he committed the crime.

Prater v. U.S. Parole Com'n, 802 F.2d 948, 951-952 (7th Cir. 1986) (citations omitted).

So too here. Mr. Robinson states that he is challenging a changed prison rule, not a law. Though Mr. Robinson may have previously had a procedural means for seeking leniency, removing that post-conviction opportunity did not deprive him of the ability to foresee that his conduct was punishable before he engaged in it. In addition, because this change was made after his conviction and appeal, Mr. Robinson hasn't presented this claim during his state administrative appeals. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002).

Third, Mr. Robinson alleges that, "he was required to submit DNA under circumstances that violated basic standards established in Bell v. Wolfish[, 441 U.S. 520, 559 (1979)]." Bell addressed the requirements for searches under the Fourth Amendment, but "the Fourth Amendment proscription against unreasonable searches does not apply

3

within the confines of the prison cell." <u>Hudson v. Palmer</u>, 468 U.S. 517, 526 (1984). Therefore, neither <u>Bell</u> nor the Fourth Amendment apply to Mr. Robinson while he is incarcerated.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. For the foregoing reasons, the court DENIES the petition for a writ of habeas corpus.

SO ORDERED.

ENTERED: October  29 , 2007

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United State District Court